UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STRIKE 3 HOLDINGS, LLC,**

              **Plaintiff,**

v.                                                                                          Case No:  6:19-cv-631-Orl-GAP-DCI

**JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS 97.101.173.205,**

              **Defendant.**

## ORDER TO SHOW CAUSE

Plaintiff, Strike 3 Holdings, LLC, as the alleged owner of copyrights for several adult videos, initiated this case against a John Doe IP subscriber (Defendant) who allegedly infringed upon Plaintiff's rights. Doc. 1. In relevant part, Plaintiff states in the Complaint that it used "IP address geolocation technology by Maxmind Inc. (Maxmind), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." *Id*. Plaintiff then sought permission to serve Defendant's alleged Internet Service Provider (ISP), Spectrum (hereafter, the ISP), with a subpoena for subscriber information prior to the Federal Rule of Civil Procedure 26(f) conference. Doc. 10. With a tenuous assumption that the subscriber is the infringer, Plaintiff alleged that Defendant, known to Plaintiff only through an association with an internet protocol (IP) address, infringed its copyrights by using BitTorrent protocol to copy and distribute the videos. *Id*. Plaintiff argued that it needed early discovery to learn Defendant's identity. *Id*. By Order dated May 6, 2019, the Court granted Plaintiff's request in part. Doc. 11.

Defendant has filed an Objection and Motion to Quash Subpoena (the Motion). Doc. 12. Defendant argues that "Plaintiff's discovery request will not reasonably lead to discoverable

evidence as such information requested will not identify the alleged offender." *Id*. Specifically, Defendant claims that the "name of the IP Subscriber is just a host of internet and is not reliable of any evidence other than who paid for an internet service (here Charter Communications, Inc.)."

There is support for Defendant's argument. A court recently dismissed a similar case brought by Plaintiff against a John Doe subscriber because Plaintiff had not shown good cause for the court to reasonably rely on Plaintiff's usage of geolocation data to establish the identity of the defendant, nor had Plaintiff established good cause as to why the case should not be dismissed for improper venue. *Strike 3 Holdings, LLC, v. John Doe subscriber assigned IP address 72.28.136.217*, No. 1:19-cv-20761-UU (S.D. Fla. May 7, 2019).[1] Another court denied the initial motion to serve the third party subpoena because it was not supported by declarations demonstrating that the subscriber of the subject IP address was likely located within the jurisdiction of the court at the time of the alleged downloads. *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 70.95.140.98*, 2018 U.S. Dist. LEXIS 25353, at *7 (S.D. Cal. Feb. 15, 2018); *see also Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 107.4.246.135*, 2018 U.S. Dist. LEXIS 68672, at *8 (D. Minn. Apr. 24, 2018 ) (denying motion for leave to serve third party subpoena because the plaintiff's discovery sought though a Rule 45 subpoena "directly collides with federal privacy protections").

While Plaintiff has filed a response to the Motion and contends that the possibility that Defendant is not the infringer is not grounds to quash the subpoena (Doc. 18), the undersigned finds that a response to a show cause order similar to the one issued in the Southern District of Florida will aid the Court in making a determination as to whether this case should proceed.

---

[1] The court found that there was nothing to link the IP address location to the identity of the person downloading and viewing Plaintiff's video, nor was there anything to establish whether that person lived in that district.

Further, in considering both the motion to quash and in determining whether this case should proceed, the Court finds it necessary to direct Plaintiff to further describe in detail the investigation it intends to undertake – using the information it seeks to have the subpoena recipient produce – that will properly allow it to name a specific individual as the alleged infringer of its copyright. *See Strike 3 Holdings, LLC v. Doe*, No. 18-CV-0449-ENV-JO (E.D.N.Y. Dec. 13, 2018) (directing Plaintiff to make a similar showing); *see also, e.g., Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018) (holding that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol... address associated with infringing activity is [not] sufficient to state a claim for direct or contributory infringement"); *Malibu Media, LLC v. Doe*, 2018 WL 6446404, at *3 (N.D. Ill. Dec. 10, 2018) ("a plaintiff must allege more than simply the registration of an IP address to an individual in order to proceed against that individual for copyright infringement"). Again, the Court finds tenuous the allegations in the Complaint repeatedly identifying the subscriber as the alleged infringer, and the Court is doubtful as to whether those "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11(b)(3). As one court very recently noted:

> [W]hatever else Strike 3 will do with the information it secures if it prevails on these motions, it is likely that one thing it will *not* do is use the information to litigate the action in court. Strike 3 has filed 276 cases in this district since 2017. Of those, 133 remain pending, many with unresolved motions for expedited discovery. Of the 143 cases that have been resolved, Strike 3 reports that it settled 49 and voluntarily dismissed 94 – 28 due to the alleged infringers' hardship, 50 due to Strike 3's inability to satisfy itself that Doe (the service subscriber named as the defendant) was in fact the alleged infringer, and 16 for other reasons. *See* Supp. Memo. at 11-13. There can hardly be good cause to allow expedited discovery, particularly on an *ex parte* basis, to secure information that will not actually be used under judicial supervision to resolve the case on the merits.

*Strike 3 Holdings, LLC v. Doe*, 2019 WL 2022452, at *4 (E.D.N.Y. Mar. 21, 2019).

Accordingly, it is **ORDERED** that:

1. Ruling on the Defendant's Motion to Quash (Doc. 12) is **DEFERRED**;

2. **On or before July 12, 2019**, Plaintiff shall show cause in writing why this Court may reasonably rely upon the Plaintiff's usage of geolocation or other technologies to establish the identity of the Defendant and that the Defendant may be found within this District. Mere speculation and conjecture will not suffice. Additionally, within the allotted time, Plaintiff shall show cause why this case should not be dismissed *sua sponte* for improper venue;

3. **On or before July 12, 2019**, Plaintiff shall describe in detail the investigation it intends to undertake – using the information it seeks to have the subpoena recipient produce – that will properly allow it to name a specific individual as the alleged infringer of its copyright;

4. **On or before July 26, 2019**, Defendant may file a reply to Plaintiff's response to this Order; and

5. Plaintiff's failure to file a response in compliance with this Order within the allotted time may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record