**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STRIKE 3 HOLDINGS, LLC,
a limited liability company,

    Plaintiff,                                                 Case No: 6:19-cv-631-Orl-GAP-DCI

v.

JOHN DOE subscriber
assigned IP address
97.101.173.205, an individual,

    Defendant.
_____/

**REPLY MEMORANDUM OF LAW OF DEFENDANT JOHN DOE SUBSCRIBER**
**ASSIGNED IP ADDRESS 97.101.173.205**

Defendant, through undersigned counsel, respectfully submits the Reply to Plaintiff's Response to Order to Show Cause, and hereby submits that this Court should Grant Defendant's Motion to Quash and Dismiss this action with prejudice, and in support thereof, states the following:

**STATEMENT OF FACTS**

Plaintiff, Strike 3 Holdings, LLC, commenced this action for damages under an alleged direct copyright infringement against "John Doe" defendant "subscriber" of a designated IP address. See Complaint (ECF No. 1). On June 26, 2019, the Court ordered the Plaintiff to show cause why this action should not be dismissed for the reasons set forth by the Court ("Show Cause Order") (ECF No. 19).

**PRELIMINARY STATEMENT**

The Plaintiff has failed to provide a reasonable explanation as to how its tenuous assumptions that the subscriber is the infringer has any merit, and furthermore, how such intrusive means of investigation not only directly collides with federal privacy policy, but is an extreme and unlawful fishing expedition, using a database held to be unreliable by the Southern District of Florida. *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.28.136.217*, No. 1:19-cv-20761-UU (S.D. Fla. May 7, 2019).

The Plaintiff did not comply with the three-factor test outlined in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 70.95.140.98*, 2018 U.S. Dist. LEXIS 25353, at *3 (S.D. Cal. Feb. 15, 2018). The Plaintiff's subpoena lacked the requisite specificity in the Complaint, which does not outweigh defendant's privacy expectation. Since Bittorrent masks users' identities, Strike 3 can only identify and infringing Internet Protocol (IP) address, using geolocation technology to tract that address to a jurisdiction. This method is famously flawed: virtual private networks (VPN) and onion routing spoof IP address; routers and other devices are unsecured; malware cracks passwords and opens backdoors, multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign address to some general location if it cannot more specifically identify another. *See, e.g., James Temple, Lawsuit Says Grandma Illegally Downloaded Porn, S.F. Chron.* (July 15, 2011, 4:00 AM), https://www.sfgate.com/business/article/lawsuit-says-grandma-illegally-downloaded-porn-2354720.php.

Simply put, inferring the person who pays the cable bill illegally downloaded a specific file[1] is even less trustworthy than inferring they watched a specific TV show.

## LEGAL ARGUMENT

**I. Strike 3 cannot subpoena defendant's ISP because its discovery request lacks sufficient specificity and does not overcome defendant's privacy expectation.**

Strike 3's request for early discovery falls short of Rule 26's requirements. A plaintiff can only discover an unknown defendant's identity through a court order under Rule 26(d)(1). But the rule cabins a district court's discretion to order discovery to circumstances where a plaintiff shows good cause. See Fed. R. Civ. P. 26(b)(1).

Yet Circuits never said showing good-cause was the only requirement. For one, the Court must also balance Strike 3's need for discovery with a potentially-noninfringing defendant's right to be anonymous. Only the Second Circuit has articulated this balance, looking to the plaintiffs showing of a prima facie claim of actionable harm; their discovery request's specificity; their alternative means to obtain the subpoenaed information; the need for the subpoenaed information to advance the claim; and the objecting party's privacy expectation. *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (Chin, J.)); *see also, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 351 (D.D.C. 2011) (Howell, J.) (applying this test); *Arista Records v. Does 1-19*, 551 F.Supp.2d 1, 8 (D.D.C. 2008) (Kollar-Kotelly, J.) (same).

One can hardly blame the Florida Circuit for its silence. Of the numerous cases Strike 3 has filed in this district (including multiple on a single day), none have reached the Court of

---

[1] It is unsettled whether pornography is in fact entitled to protection against copyright infringement because if the Motion Picture is considered obscene, it may not be eligible for copyright protection. *Next Phases Distb., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012)

Appeals. Most have been voluntarily dismissed, most following the same formula: Strike 3 files a complaint (identical in every case except for the infringing IP address). A few weeks later, Strike 3 files a motion to subpoena the anonymous defendant's ISP prior to the Rule 26(f) conference (identical in every case except for the particular ISP to be served—Comcast, Verizon, or Charter Communications, Inc.). Satisfied by Strike 3's showing of likely personal jurisdiction, the court grants the motion, usually providing at least twenty days for the defendant to move to quash the subpoena, and sometimes providing for defendant's continued anonymity. Nothing happens for a few weeks, and then Strike 3 voluntarily dismisses the suit. This sounds crazy, but its par for the copyright-trolling course. According to PACER, Malibu Media, LLC—another adult film company—filed 150 cases against anonymous defendants in this district (7183 nationally) from 2012 to 2018, some joining dozens of individuals. How many of those cases reached the Court of Appeals? Zero.

Although the Florida Circuit has never had the chance to elaborate on its test, the undersigned considers the Second Circuit's test very persuasive. And not for nothing, it comports with the Florida Circuit's more general observation that, when evaluating good cause under Rule 26, "interests in privacy may call for a measure of extra protection." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(b) advisory committee's note (1970)). "Moreover, in determining which interests to weigh in the Rule 26 balance, courts look to statutory confidentiality provisions, even if they do not create enforceable privileges." *Id.* at 1215-16.

In this case, the defendant directs the Court to look to the Communications Act, which protects cable subscribers' names and addresses. 47 U.S.C. § 551(c). *But cf. id.* at (c)(2)(B) (providing for disclosure "pursuant to a court order authorizing such disclosure, if the subscriber

is notified of such order by the person to whom the order is directed"). Congress recognized in enacting the Cable Franchise Policy and Communications Act that **cable or internet subscribers have a privacy interest in their personally identifying information retained by ISPs**. *See* H.R. Rep 98-934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655 at *79 ("The Congress is recognizing a right of privacy in personally identifying information collected and held by a cable company…"). Defendant's initial brief in support of her, his, or its motion points to several decisions acknowledging Defendant's privacy interest in the information sought by Plaintiff's subpoena.

Applying the Second Circuit's test, and placing great weight on defendant's privacy expectation, the Court should reconsider Strike 3's motion for early discovery. **Strike 3's request lacks the type of specificity the Second Circuit's test requires**: **that the request will identify a copyright infringer who can be sued**. *See Sony Music,* 326 F.Supp.2d at 566; *see also Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) ("[I]n circumstances `where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear . . . that the complaint would be dismissed on other grounds.'" (*quoting Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980))). Strike 3 could not withstand a 12(b)(6) motion in this case without resorting to far more intensive discovery machinations sufficiently establishing defendant did the infringing-examining physical evidence (at least the computers, smartphones, and tablets of anyone in the owner's house, as well as any neighbor or houseguest who shared the Internet), and perhaps even interrogatories, document requests, or depositions**. Strike 3's requested subpoena thus will not—and may never—identify a defendant who could be sued.** [Emphasis Added].

Similarly, even though "defendants have little expectation of privacy in downloading and distributing copyrighted [content] without permission," *Sony Music*, 326 F.Supp.2d at 566-67,

Strike 3 provides no evidence this defendant actually did the infringing. Given this uncertainty, Strike 3 cannot overcome defendant's weighty privacy expectation. Imagine having your name and reputation publicly—and permanently—connected to websites like Tushy and Blacked Raw. (Google them at your own risk.) How would an improperly accused defendant's spouse react? His (or her) boss? The head of the local neighborhood watch? The risks of a false accusation are real; the consequences are hard to overstate and even harder to undo. And Strike 3's flawed identification method cannot bear such great weight.

Though Strike 3 admits a protective order could allow defendant to anonymously challenge the subpoena that hardly seems fair. That drags defendant into court and imposes on them the unenviable burden of hiring a lawyer or defending their reputation pro se, all before they've even been served. That's not how our system of litigation works.

Since Strike 3's discovery request lacks the required specificity and does not overcome defendant's privacy expectation, the defendant respectfully requests that this court deny Strike 3's motion for early discovery, grant defendant's Motion to Quash, dismiss this action with prejudice.

**II. Plaintiff uses a public database, not a geolocation software – making the "technology" unreliable.**

Plaintiff has not shown how this geolocation database can establish the identity of the Defendant or that he or she may be found in this district. **There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, if occurring at all, and establishing whether that person lives in this district**.

As this Court referenced *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.28.136.217*, No. 1:19-cv-20761-UU (S.D. Fla. May 7, 2019) in its Order to Show Cause, that case held, to wit:

6

It is entirely possible that the IP address belongs to a coffee shop or open Wi-Fi network, which the alleged infringer briefly used on a visit to Miami. Even if the IP address were located within a residence in this district, the geolocation software cannot identify who has access to that residence's computer and who actually used it to infringe Plaintiff's copyright. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call."). Plaintiff makes much of the fact that many courts in this circuit have permitted this limited discovery to confirm venue. D.E. 9 at 2-3, but "several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Patrick Collins, Inc. v. Doe* 1, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (finding an IP address insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. John Does* 1-4, No. 12 Civ. 2962(JB), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer Pursuant to Rule 26(d)(1), absent a court order a party may not propound discovery in advance of a Rule 26(f) conference.") "And some courts have adopted the view that an IP address is not-or may not be-a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC*, 2014 WL 7188822, at *4; *see Elf-Man, LLC v. Cariveau, No. C13-0507RSL*, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); *Malibu Media, LLC v. Tsanko, No. 12-3899*, 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the Defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that Defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of Iqbal and Twombly."); *AF Holdings LLC v. Rogers, No. 12cv1519*, 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an

7

>allegation that an IP address is registered to an individual is not an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement.")

Thus, Defendant respectfully requests that this Court find Plaintiff failed to show good cause, and failed to identify that the Defendant may be found within this district. As such, Defendant respectfully requests dismissal of this action with prejudice, as Plaintiff is neither able to identify the alleged infringer, if any, nor establish venue is proper in this jurisdiction.

**III. Because Strike 3 cannot effectuate service without subpoenaing defendant's ISP, its case must be dismissed.**

Strike 3's inability to identify defendant, without violating privacy concerns or determining proper jurisdiction, it makes effectuating service or prosecuting the case impossible. Plaintiff makes the flawed argument that the IP address is located in this district; however, the law requires that the Plaintiff identify the infringer's location, which is not the subscriber who pays the bill. So because Strike 3 cannot proceed with its claim, the defendant respectfully request this Court deny as moot Strike 3's motion to extend the service deadline (ECF No. 20) and dismiss the case with prejudice.

## CONCLUSION

Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits on the verge of extortion. For the foregoing reasons, Defendant respectfully request the Court dismiss this action with prejudice, and grant Defendant's Motion to Quash (ECF No. 12).

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with Rachel E. Walker by email to determine if she opposed the Defendant's Requested Relief, to which Plaintiff indicated it opposed.

Respectfully submitted,

**AMETHYST LAW GROUP, LLC**
100 S Ashley Drive
Suite 600
Tampa, Florida 33602

By:*/s/Amir Ghaeenzadeh, Esq.*
   **AMIR GHAEENZADEH, ESQ.**
   Florida Bar No.: 104745
   Amir@Amethystlawgroup.com
   *Counsel for Defendant John Doe subscriber assigned IP address* 97.101.173.205

Dated: July 26, 2019

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 26, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:*/s/Amir Ghaeenzadeh, Esq.*