UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STRIKE 3 HOLDINGS, LLC,**

        **Plaintiff,**

v.                                                                   **Case No: 6:19-cv-631-Orl-31DCI**

**JOHN DOE,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO QUASH SUBPOENA (Doc. 12)
>
> **FILED:** May 31, 2019
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.  Background**

Plaintiff, Strike 3 Holdings, LLC, as the alleged owner of copyrights for several adult videos, initiated this case against a John Doe IP subscriber (Defendant) who allegedly infringed upon Plaintiff's rights. Doc. 1. In relevant part, Plaintiff states in the Complaint that it used "IP address geolocation technology by Maxmind Inc. (Maxmind), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." *Id*. Plaintiff then sought permission to serve Defendant's alleged Internet Service Provider (ISP), Spectrum (hereafter, the ISP), with a subpoena for subscriber information prior to the Federal Rule of Civil Procedure 26(f) conference.

Doc. 10. Assuming that the subscriber is the infringer, Plaintiff alleged that Defendant, known to Plaintiff only through an association with an internet protocol (IP) address, infringed its copyrights by using BitTorrent protocol to copy and distribute the videos. *Id*. Plaintiff argued that it needed early discovery to learn Defendant's identity. *Id*. By Order dated May 6, 2019, the Court granted Plaintiff's request in part. Doc. 11. In particular, the Court required certain procedural protections before any identifying information is made public and provided Defendant notice and an opportunity to move to quash the subpoena. *Id*.

Thus, Defendant filed an Objection and Motion to Quash Subpoena (Doc. 12 (the Motion)), which is now before the Court.[1] In the Motion, Defendant moves pursuant to Federal Rule of Civil Procedure 45(d)(3)[2] and requests that the Court vacate the order authorizing the issuance of the subpoena and quash the subpoena. *Id*. at 3. The Motion provides no legal basis for the perfunctory request that the Court vacate the order authorizing the subpoena, so that request will not be further addressed. *See* Local Rule 3.01(a) (requiring a legal memorandum in support of relief requested). As to the request to quash the subpoena, Defendant first argues that Defendant has standing to move to quash the subpoena due to Defendant's privacy interest in Defendant's ISP records. Doc. 12 at 5-7. Then, Defendant asserts that the subpoena should be quashed because (1) it will subject

---

[1] The Court also *sua sponte* entered an Order to Show Cause (Doc. 19), which is not discussed herein.

[2] In the introduction to the Motion, Plaintiff cited to "Rule 45(c)(3)," which does not exist. While Plaintiff makes other references to Rule 45 and a single reference to Rule 26, no other subsection is ever identified. The Court must assume that Plaintiff intended to reference Rule 45(d)(3), but the lack – throughout the Motion – of any specific identification of the Rule under which Defendant moves is a problem that undermines the entirety of the Motion. For example, Rule 45(d)(3)(A)(iv) may protect a party from an "undue burden," but no subsection of Rule 45 concerns "annoyance and/or embarrassment," terms that are referenced in Rule 26(c)(1) as discussed in this Order.

the Defendant to "undue burden, annoyance, and/or embarrassment" (*id*. at 7-9) and (2) it "is not likely to lead to the discovery of admissible evidence" (*id*. at 9-10).

In response, Plaintiff asserts that Defendant lacks standing to assert an objection pursuant to Rule 45(d)(3)(A)(iv) in relation to any "undue burden" suffered by the ISP and, regardless, that the subpoena places no undue burden upon the ISP. Doc. 18 at 4-5. Plaintiff then argues that the requested information is relevant, citing Federal Rule of Civil Procedure 26(b)(1). Doc. 18 at 5-6. Finally, implicitly acknowledging that some embarrassment may flow from naming Defendant in this action, Plaintiff suggests that the Court enter a protective order allowing Defendant to proceed in this litigation under a pseudonym. *Id*. at 6-7.

**II.      Discussion**

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (2016). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A)(iv) – the only portion of Rule 45 arguably identified by Defendant in the Motion – provides, in part, that upon timely motion, the court must quash or modify a subpoena that "subjects a person to undue burden." The movant bears the burden of demonstrating that the

subpoena subjects the movant to undue burden. *See Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *9 (M.D. Fla. Sept. 29, 2017) (citation omitted); *Int'l Ass'n of Machinists and Aerospace Workers v. P & B Transp.*, Case No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007). "Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Eastwood Enters., LLC v. Farha*, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010).

However, as an initial matter, to proceed under Rule 45 to quash a non-party subpoena, Defendant must demonstrate that it has standing to move to quash the subpoena issued to Defendant's ISP. *See, e.g.*, *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (stating that absent a "personal right or privilege," a party has no standing to challenge a subpoena to a non-party pursuant to Rule 45). Here, Defendant has asserted a personal right and privilege via a privacy interest in Defendant's ISP information. But even assuming that the Court found a sufficient personal right or privilege for Defendant to challenge the subpoena as a general matter, the Motion still fails for a number of reasons.

To the extent that Defendant challenges the third-party subpoena on the basis of "undue burden," the challenge must fail. Defendant has not asserted, let alone established, any undue burden upon Defendant, and the ISP has not challenged the subpoena on the grounds that it imposes an undue burden upon the ISP. As such, Defendant lacks standing to assert that the subpoena imposes an undue burden upon the ISP. *See, e.g.*, *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."). But even looking to Defendant's substantive

arguments concerning undue burden, they revolve around the alleged burden of the underlying litigation itself, as well as alleged overarching infirmities in Plaintiff's tactics in bringing these kinds of cases. While those arguments may ultimately prove to be accurate in a general sense, they provide no basis to quash a third-party subpoena as an undue burden. Indeed, while Defendant points the Court to significant judicial criticisms of Plaintiff's conduct in related litigation, Defendant provides the Court with no legal authority to quash the already-issued third-party subpoena.

Defendant also challenges the subpoena as irrelevant. "Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26." *TYR Tactical, LLC v. Protective Prods. Enters., LLC*, 2016 WL 10647314, at *2 (S.D. Fla. Mar. 8, 2016) (citation omitted). Indeed, under Rule 26(b)(2)(C)(iii), the Court "must limit the frequency or extent of discovery" if it determines, on motion or on its own, that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[3] Here, Defendant asserts that the subpoena should be quashed because it "is not likely to lead to the discovery of admissible evidence." Of course, that is no longer the standard. Instead, pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding

---

[3] Although not entirely clear, it appears that Plaintiff may be seeking a protective order pursuant to Rule 26(c)(1), which allows the Court to issue a protective order to protect a party or individual from "annoyance, embarrassment, oppression, or undue burden or expense." But Rule 26(c)(1) is a mechanism for a party "from whom discovery is sought" to seek a protective order. The discovery at issue here is not sought from Defendant. Regardless, to establish the need for a protective order, the moving party must "demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 2005 U.S. Dist. LEXIS 21524, *9 (M.D. Fla. 2005). In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). Here, assuming Defendant could – and did – utilize Rule 26(c)(1), the Court finds that Defendant did not meet its burden to establish good cause.

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

Plaintiff alleges in the Complaint that the infringement at issue occurred from a particular IP address. Defendant – alleged to be the infringer – is identified in the Complaint as the "John Doe subscriber assigned" that particular IP address. The discovery sought by the subpoena is the name and physical address of the ISP's subscriber who is assigned that particular IP address. Defendant complains that the information sought by the subpoena is irrelevant because it is insufficient to conclusively identify Defendant (i.e. the subscriber) as the infringer. While the Court agrees that the information sought – on its own – would be insufficient for that purpose, that does not necessarily mean that the information sought it *not* relevant under Rule 26(b)(1). Indeed, the subscriber – even if not the infringer – may be a witness subject to deposition and with knowledge of who may have had access to the IP address from which the infringement occurred. And Defendant has made no argument that the sought-after discovery, if relevant, is not proportional to the needs of the case. Nor did Defendant provide the Court with legal authority supporting the proposition that the Court should quash as irrelevant a third-party subpoena such as this. Thus, the Court finds that, pursuant to Rule 26(b)(1), the subpoena requests information that is relevant and proportional to the needs of the case and, thus, the Court need not limit the discovery sought by the subpoena pursuant to Rule 26(b)(2)(C)(iii) or Rule 45(d)(3).

But in denying the Motion, the Court notes that its findings are limited to the arguments raised in the Motion. Indeed, the discussion necessary to resolve this Motion addresses different questions from whether this action is properly brought in this Court and the Complaint complies with Federal Rule of Civil Procedure 11(b). *See* Doc. 19. The methods being utilized by Plaintiff to bring hundreds of cases throughout the country and in this District against subscribers – naming

them in a pleading as the infringers – raises serious and troubling questions, especially considering that in at least one jurisdiction Plaintiff has admitted that in approximately a third of the cases it brought there it could not satisfy itself that the subscriber was, in fact, the infringer. *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 19 (E.D.N.Y. Mar. 21, 2019).

Finally, given the Court's serious concerns about the accuracy of Plaintiff's claim in the Complaint that the subscriber named as Defendant committed the alleged infringement concerning the identified adult films, the Court will permit Defendant to proceed under a pseudonym for 90 days after service of the Complaint. On or before the 90th day after service, if the case remains pending and Defendant wishes to continue to proceed under a pseudonym, Defendant must file a motion in compliance with the Local Rules seeking leave to continue to proceed under a pseudonym. Defendant is cautioned that courts in this Circuit rarely permit parties to proceed anonymously. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam) (finding that a party may proceed anonymously only in "exceptional cases" ).

### III. Conclusion

Accordingly, the Motion (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties